LARRY W. COFFEY, APPELLANT, v. JOHN SULLIVAN, DIRECTOR OF DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

217 N. W. 2d 918

Filed May 9, 1974. No. 39271.

Richard Scott and Bauer, Galter, Scott & Geier, for appellant.

Clarence A. H. Meyer, Attorney General, James J. Duggan, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

Plaintiff appeals from the judgment of the District Court affirming the order of the Director of the Department of Motor Vehicles revoking the plaintiff's motor vehicle operator's license under the point system.

On June 29, 1973, the plaintiff pleaded guilty to the offense of "no valid Nebraska motorcycle operator's license on person." Two points were assessed for that violation, which brought his point total to 12, and his license was revoked.

Plaintiff contends that a violation of section 60-413, R. S. Supp., 1972, which requires that an operator's license "shall at all times be carried by the licensee when operating a motor vehicle on the public highways of this state" is not an offense within the context of section 39-7,128, R. R. S. 1943.

Section 39-7,128, R. R. S. 1943, establishes a point system dealing with traffic violations. The first eleven subsections of the statute designate the number of points to be assessed for various specific violations and subsection (12) then provides: "All other traffic violations involving the operation of motor vehicles by the operator, for which reports to the Department of Motor Vehicles are required under sections 39-794 and 39-795, not including parking violations, muffler violations, or overloading of trucks—2 points."

A violation of section 60-413, R. S. Supp., 1972, is a violation for which a report to the Department of Motor Vehicles is required under section 39-794, R. S. Supp., 1973. The language of the statutes is controlling. By referring to "all other traffic violations" for which reports are required, except parking, muffler, and truck overloading violations, we think the Legislature intended to include the offense of failing to carry an operator's license when operating a motor vehicle. See Wilson v. Johns, 184 Neb. 545, 169 N. W. 2d 434.

The judgment of the District Court is affirmed.

AFFIRMED.